IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   Civil No. _03-1158-JTM |
| | ) |
| LARRY D. RUDOLPH, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

Comes now the plaintiff by Eric F. Melgren, United States Attorney for the District of Kansas, and Laurie K. Kahrs, Assistant United States Attorney for said District, and for its cause of action states:

(1) This is a civil action brought by the United States of America under the provisions of 28 U.S.C. § 1345.

(2) Service may be made upon defendant ("borrower") Larry D. Rudolph, by delivering a copy of the summons and complaint to him at 3277 Remington Road, Lost Springs, Kansas 66859, within the jurisdiction of this court.

(3) The United States, acting through Farmers Home Administration, now Farm Service Agency (FSA), made the following loans to the borrower:

| Date of Note or Advance | | Original Amount | Unpaid Principal | Accrued Interest to 1-15-03 | Daily Accrual |
|---|---|---|---|---|---|
| 41-09 | 3-4-96 | $67,173.00 | $64,435.79 | $5,102.96 | $13.2813 |

Note: Note 41-09 was set up as a result of a Chapter 12 bankruptcy plan confirmed on

March 4, 1996.  It is a combination of Note 41-01 in the original amount of $48,000.00 dated January 16, 1979 (as reamortized on January 27, 1989, as Note 41-03 in the amount of $44,973.56) and Note 41-02 in the original amount of $48,000.00 dated April 27, 1981 (as reamortized on January 27, 1989, as Note 41-04 in the amount of $46,686.73).

Copies of the notes and the Chapter 12 treatment of this debt are attached as Exhibits A through D and G.

(4)   Repayment of the indebtedness described in paragraph 3 is secured by mortgages pledging the following described real estate located in Marion County, Kansas:

> Tract 1.   South ½ of Northwest ¼ of Section 4, Township 18 South, Range 4 East, and
>
> Tract 2.   South ½ of Northwest ¼ of Section 30, Township 17 South, Range 4 East.

These mortgages were duly recorded as shown thereon and constitute valid prior liens on the described real estate.  Copies of the mortgages are attached as Exhibits E and F.

(5)   The borrower has failed to pay plaintiff installments of principal and interest when due in violation of the provisions of the mortgages as modified by the confirmed Chapter 12 bankruptcy plan.  The plaintiff has accelerated the indebtedness and made demand for payment in full.  Such payment has not been received.

(6)   The plaintiff has completed all loan servicing requirements of applicable statutes and regulations.

(7) On or about April 2, 2003, the plaintiff collected $1216.00 through administrative offset.

WHEREFORE, plaintiff prays judgment against the borrower in the amount of $64,635.79 principal and $5,102.96 interest as of January 15, 2003, plus interest accruing after that date at a rate of $13.2813 per day to the date of judgment less the amount collected through administrative offset, together with interest at the legal rate thereafter, plus the costs of this action.  Plaintiff further prays that its mortgages be declared valid prior liens on the property described and that any advances the plaintiff is authorized or required to pay to protect the security during the pendency of this proceeding be allowed as a valid lien on the real estate.

Plaintiff further prays that all legal right, title and interest which the defendant has in the property described at paragraph (4) be foreclosed and sold at public sale in accordance with 28 U.S.C. §§ 2001-2003; the sale be subject to unpaid real estate taxes or special assessments; and the proceeds arising from the sale be used to satisfy, in the order listed:

(1)   Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)   The costs of the sale and this action;

(3)   The interest accruing on plaintiff's judgment;

(4)   Plaintiff's judgment; and

(5)   The balance, if any, be brought into the Court to await its further order.

Plaintiff further prays that all right, title, and interest in and to the described real estate of the defendant and of all persons claiming by, through or under him be decreed to

be junior and inferior to plaintiff's mortgages and be absolutely barred and foreclosed.  If the purchaser of the real estate be denied possession thereof, plaintiff prays for issuance of a Writ of Assistance upon the filing of a proper Praecipe and prays the Court place the purchaser of the real estate in peaceable possession, without further order of this Court.

                UNITED STATES OF AMERICA, Plaintiff

By:    ERIC F. MELGREN
       United States Attorney for the
       District of Kansas

And:    s/ Laurie K. Kahrs
       _____
       Laurie K. Kahrs
       Assistant United States Attorney
       301 N. Main, Suite 1200
       Wichita, Kansas 67202
       (316) 269-6481
       FAX (316) 269-6484
       Ks. Sup. Ct. No.  17249
       E-mail: Laurie.Kahrs@usdoj.gov

## REQUEST FOR PLACE OF TRIAL

The United States hereby requests that trial of the above-entitled matter be held in the City of Wichita, Kansas.

                s/ Laurie K. Kahrs
                _____
                Laurie K. Kahrs
                Assistant United States Attorney