IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
)
LARRY D. RUDOLPH, ) Case No. 95-41122-12
   Debtor. )
_____ )

**FILED TOPEKA**
MAR 04 1996
RUSSELL L. BRENNER, Clerk
U.S. COURT OF BANKRUPTCY
BY P Yelton, Deputy

### ORDER OF CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION UNDER CHAPTER 12

Now on this 04th day of March, 1996, this matter comes on for hearing. The Debtor appears by and through his attorney of record, William E. Metcalf.

The Standing Trustee, Eric C. Rajala, appears.

WHEREUPON THE COURT FINDS:

1. That the Debtor-In-Possession submitted his initial plan of reorganization on September 18, 1995. That notice(s) of the plan, notice of hearing on the plan, and objection date was submitted to all parties in interest and creditors.

2. That subsequent thereto objections to the proposed plan were filed. There were amendments to the plan which are set forth in Exhibits B hereto.

'3. That all objections to the proposed plan as amended were resolved or overruled, and the plan complies with 11 U.S.C. Section 1222 and 11 U.S.C. Section 1225, specifically:

   a. That the plan has been submitted in good faith.

   b. That all fees, charges or amounts required under Chapter 12 of Title 28, have been paid.

   c. That the value as of the date of confirmation of the property to be distributed under the plan on the account of each allowed unsecured claim is not less than

Exhibit G

45

the amount each allowed unsecured claim would be paid if the estate were liquidated under Chapter 7.

      d. Each allowed secured creditor has accepted the plan or amended plan(s) as proposed, or the Court has overruled any objections to the proposed plan or plan(s) by such creditor or such creditor has failed to object to the plan or plan(s) as submitted; that the holder of such claim retains its lien securing such claim and that the value to be distributed by the Trustee under the plan to each secured creditor is not less than the allowed amount of such secured claim or the debtor under the plan forthwith surrenders the property securing the allowed claim.

      e. That the Debtor will be able to make all payments under the plan and to comply with the plan.

      f. That the value of the property to be distributed to each unsecured creditor is not less than the amount of such claim; or the plan provides that all of the debtors' proposed disposal income to be received in the three years period (beginning on the date of the first payment that is due under the plan) will be applied to make the payments under the plan. That the plan as approved provides for the following payments: (See attached Summary of Plan Payments, Attachment C).

    4. That in the event of material default under the plan as defined in 11 U.S.C. Section 1208(c), as defined in the Summary of Plan payments or in the plan as modified with respect to certain creditors, the creditors and Trustee shall be accorded the remedies allowed under 11 U.S.C. 1208, in addition to the remedies (if any) allowed certain creditors as set forth in the Summary of Plan Payments.

2

5. That pursuant to the provisions of 11 U.S.C. Section 1227, this Order vests all of the property of the estate in the Debtor with the exception that any lien as determined for each allowed secured claim of such secured creditor, shall be retained. That all other unsecured assets of the Debtor shall be free and clear of any claim or interest of any creditor provided for by the plan.

6. That upon completion by the Debtor of all payments under the plan, other than payments to holders of allowed claims provided for under 11 U.S.C. Section 1222(b)(5) or 11 U.S.C. Section 1222(b)(9) the Trustee shall file his final report and file a final accounting of administration under 11 U.S.C. Section 1202, and the Court shall grant the Debtor a discharge of all debts except those provided for under 11 U.S.C. Section 1222(b)(5) and 11 U.S.C. Section 1222(b)(9) and 11 U.S.C. Section 523.

7. That in the absence of the debtor designating in any payment to the Trustee the intended recipient of the net proceeds (after subtraction of statutory Trustee's fees), the Trustee, in his discretion, may apply the net proceeds from the cash payments received to the oldest outstanding payment due any allowed creditor or claim under the plan. That in the event that the debtor shall make any partial payments to the Trustee, the Trustee may apply the net proceeds, after subtraction of statutory Trustee's fees, to any such creditor.

8. Unless otherwise specifically provided herein, all payments to creditors to be made under the plan shall be made by the Debtor to the Trustee and the Trustee shall disburse such payments to the creditors under the provisions of 11 U.S.C. Section 1222 and 11 U.S.C. Section 1226(c). The Trustee shall be entitled to compensation under the provisions of 28 U.S.C. Section 586(e)(1), as determined by the payments to be made under

the plan of such debtor. Payments to the Trustee by the debtor shall be made in cash, cashier's check or by certified check. In the event that payments to the Trustee are not made by cashier's check or certifiable funds, a sufficient period of time shall be allowed the Trustee to negotiate the check and obtain collectible funds from the payments remitted by the debtor prior to distribution by the Trustee.

9. That pursuant to 11 U.S.C. Section 1203 and Rule 205(a)(6) of the Rules of Bankruptcy Procedure, the debtor will file such reports as the Trustee and creditors may reasonably request.

10. That this Order may be modified only pursuant to the provisions of 11 U.S.C. Section 1229.

11. A summary of plan payments is attached hereto as Exhibit C.

12. The Debtors' plan filed September 18, 1995 attached hereto as Exhibit A as modified by Exhibit B is hereby confirmed.

IT IS SO ORDERED.

_Julie A. Robinson_
U.S. Bankruptcy Judge

PREPARED BY:

_____
William E. Metcalf #09616
METCALF & JUSTUS
3601 SW 29th, Suite 207
P.O. Box 2184
Topeka, Kansas 66601
(913) 273-9904
Attorneys for Debtors

4

APPROVED BY:

_____
Jackie A. Rapstine, #11625
Asst. U.S. Attorney
444 S.E. Quincy
Topeka, Kansas 66683
(913) 295-2850
    For the United States